IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY SWANSON and JAN SWANSON, | ) ) ) | |
| Debtors | ) ) ) | Case No. 09-12347 |
| JAMES REYNOLDS and SHERRY REYNOLDS, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Adv. Pro. No. |
| JERRY SWANSON | ) ) ) | |
| Defendant | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

James Reynolds and Sherry Reynolds (collectively "Reynolds") for their complaint against the Defendant, Jerry Swanson, state as follows:

1. This Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C. §157.

2. Venue of this case is proper in this district pursuant to the provisions of 28 U.S.C. §§1408 and 1409.

3. Reynolds entered into a contract with an entity known as Swanbrook, LLC for the construction of a house in Norman, Oklahoma on a cost plus basis. Upon information and belief Reynolds allege that the Defendant is the principal manager of Swanbrook, LLC and owns more than 50% of the interest of Swanbrook, LLC.

4. Pursuant to the terms of the agreement between the parties Reynolds were to be provided invoices from vendors, materialmen, contractors and other laborers who provided labor and

materials for the construction of the house. Reynolds agreed that upon review and approval of invoices for such labor and materials they would make payment for same. Reynolds would issue a check on a monthly basis and deliver same to the Defendant.

5.  Reynolds relied upon the Defendant to provide them with bills that represented bills for which the Reynolds had not made payment and furthermore represented bills for labor and materials actually provided on the house being built for the Reynolds.

6.  During the course of the construction the Reynolds discovered that the Defendant on a continuous basis would present bills to the Reynolds representing that said bills were for labor and materials supplied to the house being built for the Reynolds and that such bills had not been paid. In fact, the Reynolds discovered that on numerous occasions they had previously paid the Defendant for such bills and that the Defendant fraudulently and intentionally misrepresented to the Reynolds the status of such invoices and the fact that such invoices were unpaid.

7.  During the course of construction the Reynolds discovered that a portion of the labor and materials represented in the bills presented by the Defendant to Reynolds were actually bills for labor and services performed on other houses being built by the Defendant including his personal house which was being built during the same time as the Reynolds house was being built.

8.  During the course of construction the Defendant has caused materialmen's liens to be filed on the Reynolds house which liens were for labor and materials that the Reynolds paid money to the Defendant for the purposes of paying said vendors.

9.  The Reynolds have paid the Defendant a sum of money which exceeds $600,000.00 for items related to the purchase and construction of the house in Norman, Oklahoma.

FIRST CAUSE OF ACTION

COME NOW the Plaintiffs and for their first cause of action against the Defendant state as

follows:

10. Plaintiff restates all allegations contained in Paragraphs 1 through 9.

11. The payments made by the Reynolds to the Defendant and/or Swanbrook, LLC represent funds paid pursuant to a building contract.

12. Pursuant to the provisions of 42 O.S. §§152 and 153 such funds represent trust funds which are to be applied to the payment of valid lienable claims and such funds shall not be used for any other purpose until all lienable claims shall have been paid.

13. Pursuant to the provisions of 42 O.S. §153 the managers of a limited liability company have the duty to insure the proper application and payment of such trust funds.

14. Plaintiff's allege that the actions of the Defendant should result in this indebtedness to the Plaintiffs not being discharged pursuant to the provisions of 11 U.S.C. §523(a)(4).

## SECOND CAUSE OF ACTION

COME NOW the Plaintiffs and for their second cause of action against the Defendant state as follows:

15. Plaintiffs restate all the allegations contained in Paragraphs 1 through 14.

16. Plaintiffs allege that the actions of the Defendant in the false and fraudulent representations to the Plaintiffs makes any indebtedness owed to the Plaintiffs nondischargeable pursuant to the provisions of 11 U.S.C. §523(a)(2)(A).

17. Plaintiffs reserve the right to amend their allegations and claims based on information obtained through discovery in this proceeding.

WHEREFORE, Plaintiffs pray that the Court determine the amount of damages owed by the Defendant to the Plaintiff and that the Court determine that said amount of indebtedness owed by the Defendant to the Plaintiff is nondischargeable, that the Court award the Plaintiffs their attorney

fees and costs in this action and that the Court award judgment for all other relief it deems just and proper.

Dated this 31 day of July, 2009.

s/ James Vogt<br>
James Vogt OBA #9243<br>
Reynolds Ridings Vogt & Morgan<br>
2200 First National Center<br>
120 North Robinson<br>
Oklahoma City, OK 73102<br>
(405) 232-8131<br>
(405) 232-7911 Facsimile

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF MAILING

I, James Vogt, hereby certify that on July 31, 2009 a true and correct copy of the above and foregoing was mailed to the following:

Jerry Swanson
405 Flintridge Court
Norman, OK 73072

Ginger Goddard
224 West Gray Street, Suite 202
Norman, OK 73069

s/ James Vogt